## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN E. STULL and FOREIGN CARS R US PLUS, | : : | CIVIL NO. 1:14-CV-01469 |
| Plaintiffs, | : : | (Chief Judge Conner) |
| v. | : : | |
| THE COMMONWEALTH OF PENNSYLVANIA and DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL & OCCUPATIONAL AFFAIRS, | : : : : : | |
| Defendants.[1] | : : | (Magistrate Judge Schwab) |

## REPORT AND RECOMMENDATION

In this civil rights action, the *pro se* plaintiffs, John E. Stull ("Stull") and Foreign Cars R Us Plus ("Foreign Cars"), claim that the defendants, the Commonwealth of Pennsylvania and the Department of State, Bureau of Professional & Occupational Affairs (the "Bureau"), have erected unreasonable barriers for persons previously convicted of a crime to obtain a vehicle salesperson license. Pending before the Court is Stull's motion, which we construe as a motion

---

[1] In his caption, Stull lists the defendants as one entity and refers to Pennsylvania as a "state." Pennsylvania, however, is a commonwealth, and the Department of State, Bureau of Professional & Occupational Affairs is a separate entity, for purposes of identifying it as a defendant. *See generally*, 71 P.S. §§ 271-82 (setting forth the powers and duties of Pennsylvania's Department of State and the Department's administrative board). Accordingly, to the extent that Stull is suing both entities, we have set forth the proper party identities in this caption.

for class certification and recommend denying.  As well, Foreign Cars, a fictitious entity, is continuing to proceed *pro se* despite our Order requiring it to secure counsel.   Accordingly, we recommend that Foreign Cars be dismissed as a plaintiff.

By way of further background, this lawsuit was initially filed on July 29, 2014, when the plaintiffs filed a civil complaint against the Commonwealth and the Bureau.  *Doc.* 1.  In the complaint, the plaintiffs allege that Stull is an adult male, 63 years of age, and Foreign Cars is a company owned by him and his wife.[2]  In 1983, Stull was imprisoned for an undisclosed crime.  When Stull was released from prison, at an unknown time, he remained on parole until 1994.  Eventually, Stull obtained a vehicle salesperson license in Pennsylvania.[3]  When he most recently went to renew his license, Stull received a letter from the Commonwealth stating that he must submit information relating to his prior conviction.   In pertinent part, Stull claims that he was required to obtain a criminal history report from the York County District Attorney's Office, a letter from the Pennsylvania

---

[2]    We make no judgment on the veracity of the allegations contained in the complaint; rather, these allegations are merely being provided for background.

[3]    Our research, available through Pennsylvania's Unified Judicial Docket System, does not reveal the nature of the offense or the sentence imposed upon Stull in 1983.  However, there are several dockets involving Stull dating back to 1999, in apparent relation to him working as an unlicensed vehicle salesperson. In the most recent case, a criminal matter, *Commonwealth v. Stull*, CP-67-CR-0002124-2014, Stull pleaded guilty to one count of providing an unsworn falsification to authorities.

Board of Probation and Parole stating his parole status, and a criminal record check from the Pennsylvania State Police.[4]  Stull received the required materials from the District Attorney's Office and the Pennsylvania State Police, but he was not provided with a letter from the Parole Board.  According to Stull, he was told by a parole officer that no such information could be provided to him.  Consequently, Stull claims that the defendants have denied him a renewed vehicle salesperson license because he has not completed the licensure requirements, which Stull avers are unreasonable and only serve to embarrass and humiliate persons that have paid their debt to society.

Liberally construed, Stull's lawsuit claims that the defendants' requirements, with respect to individuals previously convicted of crimes, interfere with interstate commerce and violate the Privileges or Immunities Clause, in addition to the Equal Protection Clause, of the United States Constitution.  As a remedy, Stull seeks $10,000,000 in damages "to be divided between the [Commonwealth] and [himself]," for specified purposes.  *Doc.* 1 at 4.

Along with the complaint, the plaintiffs paid the filing fee and filed two motions, a discovery motion previously denied (*Docs.* 2 & 11) and the one seeking class certification, which we recommend denying herein.  *Doc.* 3.  On August 11,

---

[4]        We infer, based on the contents of Stull's complaint, that Stull was never before required to obtain this information prior to his most recent attempt at renewing his license.

2014, Stull timely filed a brief-in-support of his motion for class certification. *Doc.* 7. Subsequently, on July 29, 2014, summons issued to the defendants, and on August 22, 2014, counsel entered an appearance on the defendants' behalf. *Doc.* 8. Thereafter, the defendants filed a motion to dismiss. *Doc.* 9. Rather than issuing a briefing order to put the plaintiffs on notice of their obligations, we stayed the briefing period to allow Foreign Cars an opportunity to obtain counsel, since it may not proceed *pro se* as a fictitious entity. *Doc.* 12. At no point did the defendants file a brief-in-opposition to Stull's motion for class certification.

Regarding Foreign Cars first, the deadline we provided for it to obtain counsel has passed, counsel has not entered an appearance on its behalf, and Stull has not provided that he may otherwise represent the company. Accordingly, we recommend that Foreign Cars be dismissed as a plaintiff from this lawsuit because fictious legal persons "must be represented by an attorney." *See Educational Science Ass'n v. United States Dept. of Housing and Urban Development*, No. 95-2217, 1995 WL 284233, at *1 (E.D. Pa. May 09, 1995)(citing *Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966)(per curiam)); *see also Rhino Associates, L.P. v. Berg Mfg. and Sales Corp.*, 531 F.Supp.2d 652, 656 (M.D. Pa. 2007)(Conner, C.J.)(discussing and citing the same).

Having recommended dismissal of Foreign Cars, the only remaining issue to be decided relates to Stull's motion for class certification. *Doc.* 3. While the

defendants have not opposed the motion, that alone serves as no basis for the motion to be granted.   Indeed, to grant Stull's motion would contravene a well-accepted Third Circuit principle that *pro se* litigants are generally not appropriate class representatives.   *See Sinclair v. Citi Mortg., Inc.*, 519 F. App'x 737, 739 (3d Cir. 2013)(upholding the District Court's decision to decline to treat the plaintiffs' case as a class action because "one *pro se* litigant cannot represent another")(per curiam); *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (3d Cir. 2008)(citing 28 U.S.C. § 1654 and also stating that "one *pro se* litigant cannot represent another"); *Cf. Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009)(refusing to question the District Court's conclusion that *pro se* litigants are generally not appropriate as class representatives, but finding it premature for the District Court to have decided the issue, on that basis, since a motion to appoint counsel remained pending).   As well, Stull's complaint fails to conform with the Local Rules' class-action requirements, M.D. Pa. L.R. 23.1 and 23.2, and there is insufficient information available for the Court to decide whether Stull has satisfied the requirements set forth in Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.   As such, Stull's motion for class certification should be presently denied.

Accordingly, **IT IS RECOMMENDED** that:

(1) Foreign Cars be **DISMISSED** as a plaintiff in this lawsuit;

(2) Stull's motion for class certification (*Doc.* 3) be **DENIED**; and

(3) The case be **REMANDED** to the undersigned for further pre-trial

proceedings.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen  (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **29th** day of **October, 2014**.


*S/ Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge