IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN E. STULL and FOREIGN CARS R US PLUS,** | : : : | **CIVIL ACTION NO. 1:14-CV-1469** |
| | : | **(Chief Judge Conner)** |
| **Plaintiffs** | : : | |
| v. | : : | |
| **THE COMMONWEALTH OF PENNSYLVANIA and DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS,** | : : : : : : | |
| **Defendants** | : : | |

## **ORDER**

AND NOW, this 21st day of November, 2014, upon consideration of the report (Doc. 17) of Magistrate Judge Susan E. Schwab, recommending the court deny the plaintiffs' motion (Doc. 3) for class certification and dismiss plaintiff Foreign Cars R Us Plus ("Foreign Cars") because Foreign Cars is a fictitious entity which cannot represent itself in this matter, and following an independent review of the record, the court in agreement that plaintiffs have failed to satisfy the class action pleading requirements set forth in the Federal Rules of Civil Procedure and Local Rules of Court, see FED. R. CIV. P. 23; LOCAL RULE OF COURT 23.1-23.2, and that Foreign Cars must be dismissed as a plaintiff for failure to obtain counsel, see Rhino Assocs., L.P. v. Berg. Mfg. & Sales Corp., 531 F. Supp. 2d 652, 656 (M.D. Pa. 2007) (Conner, C.J.) (citing Simbraw, Inc. v. United States, 367 F.2d 373, 373 (3d Cir. 1966) (*per curiam*)),

and it appearing that neither party has objected to the report, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that the failure to timely object "may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 17) of Magistrate Judge Susan E. Schwab is ADOPTED in its entirety.

2. Plaintiffs' motion (Doc. 3) for class certification is DENIED.

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the Magistrate Judge's report in according with this Third Circuit directive.

3. Plaintiff Foreign Cars R Us Plus is DISMISSED for failure to obtain counsel.

4. This case is REMANDED to Magistrate Judge Schwab for further proceedings.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania