UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN E. STULL and FOREIGN CARS R US PLUS, | : | CIVIL NO: 1:14-CV-01469 |
| | : | |
| Plaintiffs | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| THE COMMONWEALTH OF PENNSYLVANIA and THE DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Introduction.**

In this civil rights action, the remaining plaintiff, John E. Stull, claims that the

defendants—the Commonwealth of Pennsylvania and the Department of State,

Bureau of Professional & Occupational Affairs (the "Bureau")—have erected

unreasonable barriers to obtaining a vehicle salesperson license for persons who,

like him, have been convicted of a crime.   Pending before the Court is the

defendants' motion to dismiss the complaint.   We recommend that the motion to

dismiss be granted because the Court lacks subject-matter jurisdiction given that the

defendants are entitled to Eleventh Amendment immunity.

**II. Background and Procedural History.**

Stull and Foreign Cars R Us Plus began this action in July of 2014 by filing a civil complaint against the Commonwealth and the Bureau.   They allege the following facts in the complaint.[1]   Stull is an adult male, 63 years of age, and Foreign Cars R Us Plus is a company owned by him and his significant other.   In 1983, Stull was imprisoned for an undisclosed crime.   After Stull was released from prison, he remained on parole until 1994.   Eventually, Stull obtained a vehicle salesperson license in Pennsylvania, and he renewed that license periodically.

Recently, Stull forgot to renew his license on time, and he received a letter from the Commonwealth stating that he must submit information relating to his prior conviction before his license will be renewed.   In pertinent part, Stull alleges that he was required to obtain a criminal history report from the York County District Attorney's Office, a letter from the Pennsylvania Board of Probation and Parole setting forth his parole status, and a criminal record check from the Pennsylvania State Police.

---

[1] We make no judgment on the veracity of the allegations contained in the complaint; rather, we merely set forth the facts as alleged by Stull.

Stull received the required materials from the District Attorney's Office and the Pennsylvania State Police.   He failed, however, to get the required information from the Pennsylvania Board of Probation and Parole; a parole agent told Stull that he could not give him the information requested.   According to Stull, even though he has not been on parole for ten years, his license had been renewed for five years before the Commonwealth began making these demands, and although he had paid for his license, he has not received his vehicle salesperson license.   Stull asserts that the license requirements are unreasonable, only serve to embarrass and humiliate persons that have paid their debt to society, and he cannot comply with all the requirements.   He asserts that he has been denied the right to make a living in the field that he has been in his entire life.

Stull claims that the defendants' requirements, with respect to individuals previously convicted of crimes, interfere with interstate commerce and violate the Equal Protection Clause of the United States Constitution.   As a remedy, Stull seeks $10,000,000 in damages, with half of the damages going to him and the other half to the Commonwealth to be used to educate its employees about "disparity of treatment." *Doc. 1* at 4.

Along with the complaint, the plaintiffs filed two motions—a discovery motion and a motion seeking class certification.   We denied the discovery motion,

and we recommended that the motion for class certification be denied.   Because a fictitious legal entity, such as Foreign Cars R Us Plus, may not proceed *pro se* and Foreign Cars R Us Plus was not represented by an attorney, we also recommended that Foreign Cars R Us Plus be dismissed from the action.   Chief Judge Conner adopted those recommendations and denied the motion for class certification and dismissed Foreign Cars R Us Plus.

Currently pending is the defendants' motion to dismiss.   Initially, we stayed the briefing period on that motion to allow Foreign Cars R Us Plus an opportunity to obtain counsel.   After Foreign Cars R Us Plus failed to obtain counsel and the Court dismissed it from the case, we ordered Stull to file, on or before December 22, 2014, a brief in opposition to the motion to dismiss.   We warned Stull that his failure to comply may result in the Court deeming the motion to dismiss unopposed.

Despite the Order for a brief in opposition, Stull has not filed a brief in opposition to the motion to dismiss.   Thus, Stull is deemed to not oppose the motion, and, as discussed below, the motion to dismiss should be granted because the defendants have Eleventh Amendment immunity.

4

## III.  Discussion.

The defendants move the Court to dismiss the case for lack of subject-matter jurisdiction in accordance with Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted in accordance with Fed. R. Civ. P. 12(b)(6). "When a motion to dismiss is based on both lack of jurisdiction and another Rule 12(b) ground, constitutional concerns regarding the scope of judicial power dictate that the court first address the issue of jurisdiction." *Advanced Fluid Sys., Inc. v. Huber*, No. 1:13-CV-3087, 2014 WL 1808652, at *5 (M.D. Pa. May 7, 2014).   In this case, because the court lacks subject-matter jurisdiction, we need not address the defendants' argument that the complaint fails to state a claim upon which relief can be granted.

Rule 12(b)(1) permits the dismissal of an action for lack of subject-matter jurisdiction.   Challenges to subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may be "facial" or "factual." *Turicentro, S.A. v. American Airlines, Inc.,* 303 F.3d 293, 300 n.4 (3d Cir. 2002).   A facial attack contests the sufficiency of the pleadings. *Id.*   In reviewing a facial attack, the court considers, in the light most favorable to the plaintiff, the allegations in the complaint and any documents referenced and attached to the complaint. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000).   In contrast to a facial attack, "in a factual attack under

Rule 12(b)(1), the court may consider and weigh evidence outside the pleadings to

determine if it has jurisdiction." *Id.* at 178.   "In both instances, it is the plaintiff's

burden to establish the court's subject-matter jurisdiction." *Advanced Fluid Sys.,*

2014 WL 1808652, at *5.

Here, the defendants make a facial attack on the Court's subject-matter

jurisdiction: they contend that the Court lacks jurisdiction because they are entitled

to Eleventh Amendment immunity.   "[T]he Eleventh Amendment is a jurisdictional

bar which deprives federal courts of subject matter jurisdiction." *Blanciak v.*

*Allegheny Ludlum Corp.*, 77 F.3d 690, 693, n.2 (3d Cir. 1996).

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be
> construed to extend to any suit in law or equity, commenced or
> prosecuted against one of the United States by Citizens of
> another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

Although its text appears to restrict only the Article III diversity jurisdiction

of the federal courts, the Eleventh Amendment has been interpreted "to stand not so

much for what it says, but for the presupposition . . . which it confirms." *Seminole*

*Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)(quoting *Blatchford v. Native Village*

*of Noatak*, 501 U.S. 775, 779 (1991)).   That presupposition is that each state is a

sovereign entity in our federal system and it is inherent in the nature of sovereignty that a sovereign is not amenable to suit unless it consents. *Id.*   Thus, "the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000).

In the absence of consent, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(per curiam).   A state, however, may waive its Eleventh Amendment immunity by consenting to suit, and Congress may abrogate states' Eleventh Amendment immunity when it unequivocally intends to do so and it acts pursuant to a valid grant of constitutional authority. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666, 670 (1999).

The Bureau is an administrative bureau within the Commonwealth's Department of State. *See* 71 P.S. §§ 279.1-279.3a.   The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity, *see* 42 P.C.S.A. § 8521(b), and 42 U.S.C. § 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332 (1979).   Accordingly, Stull's claims against the Commonwealth of Pennsylvania and the Bureau are barred by the Eleventh Amendment.

7

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008).   Here, because the defendants are entitled to Eleventh Amendment immunity, amendment would be futile.

## IV.   Recommendations.

For the foregoing reasons, it is recommended that the defendants' motion (doc. 9) to dismiss the complaint be granted.

Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 26th day of January, 2015.

> _**S/Susan E. Schwab**_
> Susan E. Schwab
> United States Magistrate Judge