IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN E. STULL,** | : | CIVIL ACTION NO. 1:14-CV-1469 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **THE COMMONWEALTH OF PENNSYLVANIA and THE DEPARTMENT OF STATE, BUREAU OF PROFESSIONAL AND OCCUPATIONAL AFFAIRS,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 17th day of February, 2015, upon consideration of the report (Doc. 20) of Magistrate Judge Susan E. Schwab, recommending the court grant the defendants' motion (Doc. 9) to dismiss, wherein Judge Schwab specifically finds that defendants are entitled to Eleventh Amendment immunity and recommends dismissal of plaintiff's *pro se* complaint, and following an independent review of the record, and it appearing that plaintiff neither objected to the report nor opposed defendants' underlying motion to dismiss,[1] and that there is no clear error on the

---

[1] Any party who fails to file an opposition brief within the time period allotted by the Local Rules "shall be deemed not to oppose such motion." LOCAL RULE OF COURT 7.6. Despite generous extensions of time and an admonition regarding the effect of Local Rule 7.6, plaintiff failed to oppose defendants' motion.

face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that the failure to timely object "may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 20) of Magistrate Judge Schwab is ADOPTED.

2. Defendants' motion (Doc. 9) is GRANTED and plaintiffs' complaint (Doc. 1) is DISMISSED without prejudice.

3. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the Magistrate Judge's report in according with this Third Circuit directive.